FILED

2012 NOV 13  PM 3:55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

**MILBERG LLP**
JEFF WESTERMAN (SBN 94559)
jwesterman@milberg.com
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

*Counsel for Plaintiff Tracie D'Agostino*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRACIE D'AGOSTINO, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

JESTA DIGITAL, LLC d/b/a JAMSTER; and JESTA GROUP,

    Defendants.

Case No. CV12-09712-JFW(PLAx)

**CLASS ACTION**

COMPLAINT FOR:

(1) Violation of Telephone Consumer Protection Act 47 U.S.C. § 227;
(2) Violation of California Business & Professions Code §§ 17200 *et seq.*;

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT                                         CASE NO.:

# TABLE OF CONTENTS

Page

NATURE OF ACTION AND SUMMARY OF ALLEGATIONS ........................... 1

JURISDICTION AND VENUE ................................................................................ 2

THE PARTIES .......................................................................................................... 2

FACTUAL ALLEGATIONS .................................................................................... 3

CLASS ALLEGATIONS .......................................................................................... 5

COUNT I Violation of the Telephone Consumers Protection Act- 47 U.S.C § 227 On Behalf of the Class ................................................................................. 7

COUNT II Violation of the California Business and Professions Code § 17200 *et seq.* On Behalf of the Subclass ............................................................. 8

PRAYER FOR RELIEF ............................................................................................ 9

DEMAND FOR JURY TRIAL ............................................................................... 11

Plaintiff ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon personal knowledge as to her own acts and, as to all other allegations, upon information and belief, and investigation by counsel.

## NATURE OF ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff brings this class action on behalf of herself and a class of persons who received unsolicited text messages to their mobile phone from Jamster from September 2008 until the present ("Class" or "Class Members").

2. Jamster brand products are owned, developed, marketed, and sold by defendant Jesta Digital, LLC. Jesta Digital, LLC is a subsidiary of the Jesta Group (collectively referred to as "Jamster" or "Defendants"). Jamster claims to offer a "wide range of entertainment content" including ringtones, games, apps, and graphics for mobile phones.

3. In an effort to create customers for these products, Jamster sends unsolicited text messages, using an automatic telephone dialing system, to consumers' mobile telephones, without their consent.

4. These unsolicited messages purport to bind the recipient to a subscription. The text messages inform recipients that they are "subscribed" to Jamster, and their mobile telephone bill is charged $9.95 a month until the user takes the affirmative step of canceling the "subscription" that was not requested or accepted.

5. Defendants have caused consumers actual harm by charging them monthly payments on their wireless bill for services they did not agree to purchase.

6. Defendants' violations of California and federal law through its wrongful conduct designed to knowingly cause consumers to receive unsolicited text messages and pay for products and services that they did not want, violated California unfair competition laws, California Business & Professions Code

§ 17200, and constitute a violation of the Telephone Consumer Protection Act 47 U.S.C. § 227.

7. Plaintiff was damaged because she received unsolicited text messages, and was forced to pay for a service that he did not request.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendants' state of citizenship.

9. The Court has jurisdiction of the Defendants because Defendants have sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over the Defendants by California courts consistent with traditional notions of fair play and substantial justice.

10. Defendants purposefully avail themselves of the California consumer market and sells its Jamster products from within this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted occurred in this district, and Plaintiff dealt with Defendants, who are located in and/or do business in this district. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of its products in this District.

## THE PARTIES

12. At all relevant times, Plaintiff Tracie D'Agostino was and is a resident of the State of Massachusetts. Plaintiff maintains mobile phone services

through Verizon Wireless for herself and her daughter. In April 2012, Plaintiff began receiving a series of text messages on her mobile phone, and the mobile phone used by her daughter, from Jamster. The messages said that Plaintiff had subscribed for Jamster service. Because Plaintiff did not have a preexisting relationship with Jamster, and she did not intend to consent to a Jamster subscription, she did not reply, essentially ignoring the messages. In October, 2012 Plaintiff noticed that she had been billed $9.95 monthly since April, on each of her mobile phones for a "subscription" to Jamster. The charge appeared on her Verizon bill. Plaintiff contacted Verizon, her wireless service provider, to dispute the charges. Jamster services have since been blocked from Plaintiff's mobile phone, but not before she received unsolicited text messages that she did not consent to, and was forced to pay for a service that she did not want.

13. Defendant Jesta Digital, LLC d/b/a Jamster is a Delaware Corporation, headquartered in Los Angeles California. Jesta Digital, LLC is a subsidiary of Jesta Group. Jesta Digital, LLC, d/b/a Jamster controls the operation, sale and distribution of Jamster products.

14. Defendant Jesta Group maintains domestic headquarters in New York, New York. The President of Jesta Group, Jason Aintabi, serves as the CEO of Jesta Digital, LLC. Jesta Group controls the operation, sale and distribution of Jamster products by its subsidiary Jesta Digital, LLC.

## FACTUAL ALLEGATIONS

15. Jamster claims to offer a "wide range of entertainment content" including ringtones, games, apps, and graphics for mobile phones.

16. Jamster claims its content is available to consumers with mobile telephone service provided by AT&T, Verizon Wireless, Sprint, T-Mobile, Cellular One, and Cincinnati Bell.[1]

---

[1] Information found on Defendant's website, Jamster, http://www.jamster.com/ (last visited Nov. 13, 2012).

| CLASS ACTION COMPLAINT | - 3 - | CASE NO.: |

17. In order to increase its customer base, Jamster uses an automatic telephone dialing system to send non-emergency SMS or text messages, en masse, to mobile phone customers without their consent.

18. An SMS or text message is a message directed to a wireless device through the use of the telephone number assigned to that device. When a text message is received, the recipient's wireless phone will typically ring or otherwise alert the recipient that they have received a message.

19. Defendants use automatic telephone dialing systems to automatically send identical, non-personalized text messages to a list of wireless telephones users that it has either stored or randomly generated, located nationally. Plaintiff was a recipient of such a text message.

20. Defendants used technology randomly generated or stored a list of wireless telephone numbers that it knows includes the wireless numbers of users with whom they have no preexisting relationship to send these unsolicited text messages.

21. A typical Jamster text message, which purports to be "from" phone numbers like "75555," reads:

> New killer tones+apps on m.jamster.com. You just got another 20 credits! Jamster Plan $9.99/mo Msg & data rates may apply Txt STOP to cancel. Txt HELP for help.

22. Many mobile phone user, including Plaintiff are reluctant to respond to an unfamiliar number for fear that their response will expose them to further charges, unsolicited messages, hacking and/or identity theft.

23. Plaintiff's decision not to reply to an unrecognized number was not only reasonable, but consistent with the advice of the Federal Communications Commission ("FCC"), which warns consumers not to respond to unwanted texts or messages.

| CLASS ACTION COMPLAINT | - 4 - | CASE NO.: |

24. On its website, the FCC instructs consumers that to avoid unwanted texts to mobile phones, mobile phone users should "not respond to unwanted text or emails from questionable sources." *See* FCC, http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email (last visited Nov. 13, 2013).

25. Plaintiff contacted her wireless provider, Verizon, and asked to have all charges removed from her bill.

26. Verizon informed Plaintiff that it was aware of a number of its customers having problems with Jamster, and that it would block Defendants from sending further text messages to Plaintiff's mobile phone.

27. Plaintiff however was told that Verizon would not subtract all charges from her bill, and that Plaintiff would have to deal with Jamster to have charges reversed, an entity with which Plaintiff had no prior contact.

28. At no time did Plaintiff, or other Class Members consent to the receipt of messages like the one described above, or to receiving any other such wireless communication from the Defendants.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following Class:

> All persons in the United States who received unauthorized text messages originated by the Defendants between September 2008, and the present.

30. Additionally, Plaintiff brings this action on her own behalf and as a class action, pursuant to the provisions of Rules 23 of the Federal Rules of Civil Procedure, on behalf of the following Subclass, categorized by substantial similarities in substantive state law and defined as:

CLASS ACTION COMPLAINT — - 5 - — CASE NO.:

> All persons in the United States who received unauthorized text messages originated by the Defendants, and were subsequently charged fees. ("Subclass")

31. Plaintiff believes that members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical, and that disposition of their claims as a class will benefit the parties and the court.

32. This action involves questions of law and fact common to Plaintiff and all members of the Class, which include the following:

(a) Whether Defendants violated California Business & Professions Code Section 17200;

(b) Whether Defendants violated Telephone Consumer Protection Act 47 U.S.C. § 227; and

(c) Whether Plaintiff and Class Members sustained damages resulting from Defendants' conduct and, if so, the proper measure of damages, restitution, equitable, or other relief, and the amount and nature of such relief.

33. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to, or which directly conflict with, the interests of the other members of the Class.

34. Plaintiff has engaged the services of counsel who are experienced in complex class litigation, who will adequately prosecute this action, and who will assert and protect the rights of and otherwise represent Plaintiff and the absent Class Members.

35. Plaintiff's claims are typical of those of the absent Class Members because Plaintiff and the Class Members each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein.

36. This action is brought under Rule 23 because Defendants have acted on grounds generally applicable to all members of the Class and/or because questions of law or fact common to Class Members predominate over any questions affecting only individual members.

37. Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude maintenance as a class action.

## COUNT I
### Violation of the Telephone Consumers Protection Act- 47 U.S.C § 227
### On Behalf of the Class

39. Plaintiff incorporates by reference the foregoing allegation as if fully set forth herein.

40. Defendants used automatic telephone dialing systems to send unsolicited commercial text messages, like the message in paragraph 20, to the mobile telephone of Plaintiff and the Class Members. Each such text message was made using technology that made it possible for defendants to store or produce telephone numbers using a random or sequential number generator, and to send thousands of identical, impersonal text messages simultaneously.

41. These mass texts were sent without the consent of Plaintiff or members of the Class.

42. Defendants have therefore violated 47 U.S.C § 227(b)(1)(A)(iii). As a result of Defendants' conduct the members of the class are entitled under 47 U.S.C. § 227(b)(3)(A) to an order enjoining such violations.

43. As a result of Defendants' conduct the members of the class have been damaged, and under 47 U.S.C. § 227(b)(3)(B) are each entitled to a

1  minimum of $500.00 in damages for each violation of the act, and an injunction to prevent further violations.

2  44. Because Defendants knowingly sent text messages to Plaintiff and members of the class, without their consent, the Court should, pursuant to 47 U.S.C § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and member of the Class.

### COUNT II
**Violation of the California Business and Professions Code § 17200 *et seq.*
On Behalf of the Subclass**

45. Plaintiff incorporates the above allegations by reference as though fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the Subclass.

47. The circumstances giving rise to Plaintiff's allegations include Defendants' corporate policies regarding the sending unsolicited text messages and charging for services that consumers did not intend to purchase and did not use.

48. By engaging in the acts and practices described above, Defendants committed one or more acts of "unfair competition" within the meaning of Business & Professions Code § 17200. "Unfair competition" is defined to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Business & Professions Code § 17500 *et seq.*]."

49. Defendants committed "unlawful" business acts or practices by, among other things, violating the Telephone Consumer Protection Act 47 U.S.C. § 227.

50. Defendants committed "unfair" business acts or practices by, among other things:

| CLASS ACTION COMPLAINT | - 8 - | CASE NO.: |

(a) engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and Class Members;

(b) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and Class Members; and

(c) engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged in this Complaint.

51. Defendants committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendants knew or should have known was likely to and did deceive the public, including Plaintiff and other Class Members.

52. As detailed above, Defendants' unlawful, unfair, and/or fraudulent practices include sending unsolicited text messages to consumers, and subsequently charging consumers for services that they never purchased or used.

53. Plaintiff never intended to purchase Defendants product, and but for Defendants unlawful conduct never would have. Plaintiff was injured in fact and lost money as a result of Defendants' conduct of improperly sending her an unsolicited text message, and charging her for services she never purchased or agreed to. Plaintiff paid for a subscription to a service that she never wanted and never used.

54. Plaintiff and Class Members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, and injunctive relief, and other relief allowable under Section 17203, including, but not limited to, enjoining Defendants from continuing to engage in their unfair, unlawful and/or fraudulent conduct as alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendants as follows:

A.   An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B.   An order declaring that the acts and practices of Defendants constitute violations California Business and Professions Code § 17200 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. § 227;

C.   For damages pursuant to California law in an amount to be determined at trial;

D.   For damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227;

E.   For restitution for monies wrongfully obtained and/or disgorgement of ill-gotten revenues and/or profits;

F.   A permanent injunction enjoining Defendants from continuing to harm Plaintiff and the members of the Class and from violating California law;

G.   An order requiring Defendants to adopt and enforce a policy that requires them to no longer send unsolicited text messages without wireless users consent, and that they no longer charge wireless customers for services that they never purchased nor used;

H.   Reasonable attorneys' fees and the costs of the suit; and

I.   Such other relief as this Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: November 13, 2012

**MILBERG LLP**
JEFF S. WESTERMAN

_____
JEFF S. WESTERMAN

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

**MILBERG LLP**
ANDREI V. RADO
JOHNATHAN P. SEREDYNSKI
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
Emails:
arado@milberg.com
jseredynski@milberg.com

**KYROS LAW OFFICES**
KONSTANTINE KYROS
17 Miles Rd
Hingham, MA 02043
Telephone: 1-800-934-2921
Email: kon@Kyroslaw.com

*Attorneys for Plaintiff Tracie D'Agostino*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV12- 9712 JFW (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Tracie D'Agostino, individually and on behalf of all others similarly situated,<br><br>*Plaintiff(s)*<br>v.<br>Jesta Digital, LLC d/b/a Jamster; and Jesta Group<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)  **CV12-09712-JFW(PLAx)**<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Jesta Digital, LLC
6420 Wilshire Blvd., Suite 600
Los Angeles, CA 90048


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jeff S. Westerman
Milberg LLP
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


CLERK OF COURT

Date:  NOV 13 2012                           ANDRES PEDRO
                                             *Signature of Clerk or Deputy Clerk*

COPY

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Tracie D'Agostino, individually and on behalf of all others similarly situated

**DEFENDANTS**
Jesta Digital, LLC d/b/a Jamster; and Jesta Group

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeff S. Westerman
Milberg LLP, 300 S. Grand Ave., Suite 3900, Los Angeles, CA 90071
(213) 617-1200

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. Section 227, Violation of the Telephone Consumers Protection Act; Unfair Competition; Unlawful, Unfair and/or Fraudulent Business Acts or Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV12-09712**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                  CIVIL COVER SHEET                                  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Massachusetts |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____JEFF WESTERMAN_____  Date November 13, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |