NOTE: CHANGES MADE BY THE COURT

1  David G. Bayles (SBN 208112)
   **Arent Fox LLP**
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone:   213-629-7400
   Facsimile:   213-629-7401
4  E-mail:       bayles.david@arentfox.com
   *Attorneys for Defendant Jesta Digital, LLC*
5
   MILBERG LLP
6  NICOLE M. DUCKETT (SBN 198168)
   nduckett@milberg.com
7  One California Plaza
   300 Grand South Avenue Suite 3900
8  Los Angeles, California 90071
   Telephone: (213) 617-1200
9  Facsimile: (213) 617-1975
10 WESTERMAN LAW CORP.
   JEFF S. WESTERMAN (SBN 94559)
11 jwesterman@jswlegal.com
   1925 Century Park East, Suite 2100
12 Los Angeles, California 90067
   Telephone: (213) 505-3090
13
   *Attorneys for Plaintiff Tracie D'Agostino*
14
15                    UNITED STATES DISTRICT COURT
16       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

17 TRACIE D'AGOSTINO, individually      Case No.  CV 12-9712-JFW (PLAx)
   and on behalf of all others similarly   Judge: *Hon. John F. Walter*
18 situated;                             Magistrate Judge: Paul L. Abrams

19          Plaintiff;                   **STIPULATED PROTECTIVE
                                         ORDER FOR THE HANDLING OF
20    vs.                                CONFIDENTIAL DOCUMENTS
                                         AND INFORMATION**
21 JESTA DIGITAL, LLC d/b/a
   JAMSTER, et al.;                      Trial Date:   None Set
22
          Defendants.
23
24
25
26
27
28
                                         PROTECTIVE ORDER; HANDLING OF
                                         CONFIDENTIAL DOCS & INFORMATION
                                         CV 12-9712-JFW (PLAX)
   RPP/596241.1

1    Plaintiff Tracie D'Agostino ("Plaintiff") and Defendant Jesta Digital, LLC
2    ("Defendant") (each in the singular, "Party"; collectively, the "Parties"), having
3    sought this Court's approval for the entry of this Stipulated Protective Order For the
4    Handling of Confidential Documents and Information pursuant to Federal Rule of
5    Civil Procedure 26(c) (hereafter, the "Order"), and the Parties having made the
6    following statement of good cause:

7                          **GOOD CAUSE STATEMENT**

8            The prosecution and defense of this action may require the discovery or
9    disclosure of documents, information or other material claimed by one or more of
10   the Parties or third parties to be non-public personal financial or other confidential
11   information, or involve trade secrets and other valuable research, development,
12   commercial, financial, technical and/or proprietary information for which special
13   protection from public disclosure and from use for any purpose other than
14   prosecution or defense of this action is warranted. Such confidential and proprietary
15   materials and information consist of, among other things, confidential business or
16   financial information, information regarding confidential business practices, or
17   other confidential research, development, or commercial information (including
18   information implicating the privacy rights of third parties), information otherwise
19   generally unavailable to the public, or which maybe privileged or otherwise
20   protected from disclosure under state or federal statutes, court rules, case decisions,
21   or common law. Accordingly, to expedite the flow of information, to facilitate the
22   prompt resolution of disputes over confidentiality of discovery materials, to
23   adequately protect information the parties are entitled to keep confidential, to
24   ensure that the parties are permitted reasonably necessary uses of such materials in
25   preparation for and in the conduct of this case, to address their handling at the end
26   of the litigation, and serve the ends of justice, a protective order for such
27   information is useful and justified in this matter.

28

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

1    In entering this Protective Order, it is the intent of the Parties and the Court

2    that information will not be designated as confidential for tactical reasons in this

3    case and that nothing be so designated without a good faith belief that there is good

4    cause why it should not be part of the public record of this case. Further, the scope

5    and effect of the Protective Order is governed by the Local Rules and the Court's

6    Standing Order and procedures.

7    Accordingly, the Protective Order should thus be entered for good cause

8    shown and is hereby entered on the following terms:

9    **<u>TERMS OF PROTECTIVE ORDER</u>**

10   This Protective Order is intended to protect from disclosure documents and

11   information the parties deem to be confidential in accordance with applicable law

12   and rules. Documents and information so designated may only be disclosed or used

13   as further provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil

14   Procedure, it is hereby stipulated by and among the Parties to this Action, through

15   their respective counsel and subject to the approval of this Court, as follows:

16   **I.    DEFINITIONS**

17   1)    "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION"

18   shall mean information, recorded, stored, or maintained for any reason in any

19   medium, including but not limited to print, electronic, or digital, that the party

20   designating the information as "Confidential" that the producing party believes in

21   good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules

22   of Civil Procedure.

23   2)    HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY shall mean

24   information that is CONFIDENTIAL or CONFIDENTIAL INFORMATION, but

25   that the designating party reasonably believes to be extremely sensitive, the

26   disclosure of which to another Party or non-party would create a substantial risk of

27   serious injury or competitive harm (to the producing party and/or the persons whose

28   highly confidential information is contained in such documents), including

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

- 3 -

1    technological trade secrets, customer lists, and other highly sensitive, proprietary

2    information for which the receiving Party's access is not reasonably likely to aid

3    counsel's prosecution of the action and the disclosure of which could lead to serious

4    injury or competitive harm to the producing party.

5            3)      "DOCUMENT(S)." This term is a collective reference to any and all

6    material or other tangible things containing information produced by any party in

7    the Action or third party in connection with the Action, including written responses

8    to discovery and deposition testimony. Without limitation, DOCUMENT(S) further

9    include(s) any medium by which information is recorded, stored, communicated, or

10   utilized, including papers (of any kind, type, or character) and any method or

11   medium by which information may be communicated, recorded, or retrieved by

12   people or by computers. The word DOCUMENT(S), includes, without limitation,

13   photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer

14   generated material, computer disks, and any other form or type of computer stored

15   or computer retrievable data, microfilm and microfiche, or any other process by

16   which information is reduced for storage, and duplicates and reproductions of the

17   same by any method.

18           4)      "COURT." This term refers to the Honorable John F. Walter, so long

19   as Judge Walter retains jurisdiction of this Action, and/or his duly assigned

20   successor (if any), and any Magistrate Judge or Special Master designated to hear

21   and decide disputes arising under the Order.

22   **II.    PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL**

23           **DOCUMENTS.**

24           1)      The Order shall govern and apply to all information designated as

25   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL-

26   ATTORNEYS EYES ONLY DOCUMENTS, which may include, documents

27   produced in connection with this action, interrogatory answers, responses to

28   requests for admission, depositions and deposition exhibits, pleadings, and any

other information produced or obtained pursuant to a formal discovery request or subpoena, a request made at deposition or any other formal or informal means.  It may also apply to information designated as confidential by a producing party that produces by informal means.

2)      All DOCUMENTS or categories of DOCUMENTS or pages of DOCUMENTS produced or disclosed that the producing party in good faith believes to contain information that should be subject to the Order shall be designated by the producing party as follows:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**

**Or**

**"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"**

To the extent such designation is placed on a CD or disk, both the CD/disk and any documents or information contained therein shall be subject to the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, provided, however, that to the extent reasonably possible, the producing party must make efforts to mark each document with the appropriate designation so as to minimize the potential for confusion. To the extent electronic DOCUMENTS are being produced in native format and deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL— ATTORNEY'S EYES ONLY, appropriate designation of a disk containing such information shall be sufficient for purposes of affording protections to the DOCUMENT under this protective order.

3)      The designation of a DOCUMENT or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY shall not create any presumption with regard to the actual confidentiality of any DOCUMENT, nor shall it affect the burden of proof necessary for obtaining a Rule 26(c) protective order from the Court. The party designating information, DOCUMENTS, deposition testimony, discovery responses, materials, pleadings, or other items as "Confidential" or 'Highly

Confidential" bears the burden of establishing their confidentiality if challenged by any other party.

4)     If counsel for a party receiving DOCUMENTS designated as Confidential or Highly Confidential objects to such designation of any or all of such items, the following procedure shall apply:

a.     Counsel for the objecting party shall serve on the designating party a written objection to such designation, with a copy being sent via email to all counsel of record, which shall describe with particularity the DOCUMENTS or information in question, and shall state the factual and legal grounds for the objection.

b.     Counsel for the designating party or third party shall respond in writing to such objection within fourteen calendar days, unless a shorter time frame is agreed upon by the Parties or ordered by the Court, and shall state with particularity the factual and legal grounds for asserting that the DOCUMENT or information is Confidential or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed no longer applicable and not subject to the terms of the Order.

c.     If the designating party makes a timely response to such objection asserting the propriety of the designation, then that response shall be prepared to be the designating party's portion of the joint submission for presenting the dispute to the Court in accordance with Central District Local Civil Rule 37-1 *et seq.* governing discovery motions. The DOCUMENT or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.  **All requirements of Local Rule 37 must be followed, including the meet and confer procedure.**

**III.   ORDERS REGARDING CONFIDENTIAL INFORMATION.**

With regard to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL, the foregoing provisions shall be in effect:

1)   All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL documents shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. CONFIDENTIAL INFORMATION shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph III(2) below, and HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph III(3) unless and until the restrictions herein are removed either by the operation of this Order, the written agreement of the designating party or non-party, or by order of the Court.

2)   Except as otherwise provided herein, CONFIDENTIAL INFORMATION may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following individuals under the following conditions:

a.   Counsel for the Parties, including in-house counsel, and regular and temporary employees and independent contractors of such counsel assisting in the conduct of this Action;

b.   Experts and consultants (and their counsel) retained by the Parties or their counsel in connection with the prosecution or defense of this Action and their regular and temporary employees assisting in matters related to this Action;

c.   Plaintiff and the Defendant (including Defendant's directors, officers, trustees, employees and agents assisting in the conduct of the Action or to

whom disclosure is deemed necessary by disclosing counsel);

        d.      Witnesses or deponents, and their counsel, to the extent necessary, in preparation for, or during the course of, testimony in this Action;

        e.      The Court and Court personnel;

        f.      Any mediator agreed to by the Parties, and the mediator's staff;

        g.      Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, clerical employees whose duties and responsibilities require access to such materials and mock jurors;

        h.      Any person who is indicated on the face of a DOCUMENT to have been an author, addressee or recipient thereof or who counsel have a good faith belief did author or receive the document; and

        i.      Any other person upon order of the Court, after notice and a hearing, or upon written consent of the designating party or non-party.

    3)      Except as otherwise provided herein, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following individuals under the following conditions:

        a.      Outside or in-house counsel of record for the Parties, including regular employees of such counsel assisting in the conduct of this Action;

        b.      Experts and consultants retained by the Parties or their counsel in connection with the prosecution or defense of this Action and their regular employees assisting in matters related to this Action;

        c.      The Court and Court personnel;

d.    Any other person upon order of the Court, after notice and a hearing, or upon written consent of the designating party or non-party.

e.    Any mediator agreed upon by the Parties and the mediator's staff; and

f.    Any person who is indicated on the face of a DOCUMENT to have been an author, addressee or recipient thereof, or who counsel have a good faith belief did author or receive the document.

4)    **Except for the Court and Court** personnel, every person in paragraph III(2) given access to CONFIDENTIAL INFORMATION, or any persons in paragraph III(3) given access to HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall be advised that such material or information is being disclosed pursuant to the terms of the Order and that such material may not be used or disclosed except as permitted herein, and that failure to abide by the terms hereof may be punished as a contempt of court. In addition, all persons, other than those listed in paragraphs 2(a), (c), (e) and (f) and paragraphs 3(a) and (c) above, who are given access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL— ATTORNEY'S EYES ONLY documents also must confirm their understanding by signing a copy of Exhibit A attached to the Order, provided that non-party witnesses (and their counsel) to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY documents are disclosed at a deposition will not be permitted to retain confidential documents unless they sign a copy of Exhibit A or confirm their understanding and agreement to abide by the terms hereof on the record of such deposition. Counsel for the party obtaining the signed agreement shall retain a copy of the agreement.

5)     CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY documents shall be used only by individuals permitted access to it under Paragraphs III(2) and III(3) respectively. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6)     With respect to any depositions that involve a disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information, the designating party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties in writing that portions of the transcript are to be designated Confidential, which period may be modified by agreement of the Parties or by order of the Court. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph III(2) or III(3) above and the deponent during this period of time (although it may be filed under seal as permitted under this Order), and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph III(2) or III(3) above during that period of time. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the provisions of the Order.

7)     Any party who has received CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall act to preserve the confidentiality of designated DOCUMENTS. Any DOCUMENT

that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—
ATTORNEY'S EYES ONLY information, including, without limitation, any
deposition transcript, deposition exhibit, pleading, motion, memorandum,
deposition notice, interrogatory, request for document production, subpoena, or
response to an interrogatory or request for production, or that reproduces,
paraphrases, summarizes, or encloses CONFIDENTIAL or HIGHLY
CONFIDENTIAL—ATTORNEY'S EYES ONLY information, if filed with the
Court, must be filed in accordance with the provisions set forth in paragraph III(8).

8)     Unless expressly authorized by statute or federal rule, or the Judicial
Conference of the United States, "CONFIDENTIAL INFORMATION" or
"HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" that will be filed
with the Court cannot be filed under seal without prior approval by the Court
pursuant to the procedures outlined in the Standing Orders of the District Judge to
whom this case is assigned and the applicable Central District Local Rules.  ~~If a
court denies a request to file Confidential materials under seal, they may thereafter
be filed under seal~~.

9)     All Court orders will be presumptively available to the public.
Therefore, if the Court orders certain documents be filed under seal pursuant to the
provisions of paragraph III(8) above, all papers filed by the parties that refer to or
rely upon such evidence shall designate the particular aspects that are Confidential.
This will enable the Court, in drafting orders, to know which evidence the parties
wish the Court not to disclose.

10)     This Order shall apply to non-parties who are obliged to provide
discovery, by deposition, production of documents or otherwise, in this Action if
said non-party requests in writing the protection of the Order as to said non-party's
CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-
ATTORNEY'S EYES ONLY information, complies with the provisions of the
Order, and agrees in writing to be bound by its terms by executing Exhibit A

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

1   hereto.

2          11)    In the event any party to this Action shall receive a subpoena, civil

3   investigative demand, or other form of legal process from any non-party (including

4   any party to any action other than this Action, or any federal or state regulatory or

5   administrative body or agency), such party shall immediately disclose such fact to

6   the producing and/or designating party or non-party, unless precluded from doing

7   so by law or court order, and shall not disclose any CONFIDENTIAL

8   INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY

9   information in response thereto prior to the due date. If possible, notice shall be

10   given at least ten days before the return of any subpoena, civil investigative

11   demand, or other form of legal process. Nothing herein shall prevent timely

12   compliance with a request mentioned in the first sentence of this paragraph.

13          13)    To the extent consistent with applicable law, the inadvertent or

14   unintentional disclosure of CONFIDENTIAL INFORMATION or HIGHLY

15   CONFIDENTIAL—ATTORNEY'S EYES ONLY that should have been

16   designated as such, regardless of whether the information, DOCUMENT or thing

17   was so designated at the time of disclosure, shall not be deemed a waiver in whole

18   or in part of a party's claim of confidentiality, either as to the specific information,

19   DOCUMENT or thing disclosed or as to any other material or information

20   concerning the same or related subject matter. Such inadvertent or unintentional

21   disclosure may be rectified by notifying in writing counsel for all Parties to whom

22   the material was disclosed that the material should have been designated

23   Confidential within a reasonable time after disclosure. Such notice shall constitute a

24   designation of the information, document or thing as Confidential under this Order.

25   All Parties shall reserve the right to challenge such a designation pursuant to the

26   provisions of the Order.

27          14)    No information that is in the public domain or which is already known

28   by the receiving party through proper means or which is or becomes available to a

party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under the Order.

15)     Nothing in this Order shall prevent  any party or non-party from:

a.      asserting that certain information is highly confidential and/or trade secret so as not to be subject to discovery;

b.      resisting or object to the production of documents or disclosure of information on any other grounds;

c.      consenting to another party's or non-party's basis for designating discovery as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL— ATTORNEY'S EYES ONLY ;

d.      seeking additional protective relief with respect to any DOCUMENT or information sought in the course of discovery;

e.      objecting to the admissibility, authenticity, or use of any DOCUMENT or CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY at any hearing or trial;

f.      seeking to compel additional discovery;

g.      agreeing to modify, alter, amend or waive the provision or protections provided herein;

h.      seeking modification or other relief from the Court with respect to any or all of the provisions of the Order, or;

i.      using his, her, or its own DOCUMENTS, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY for any purpose whatsoever, provided that if they are used in a non confidential manner, the designating party will promptly remove the designation.

16)     In the event additional parties are joined or permitted to intervene in this Action, they shall not have access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY unless and until

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

such parties (and their counsel) agree in writing to be bound by the terms of the Order by executing a copy of Exhibit A hereto.

17)     Nothing contained in this Protective Order shall be construed to require the production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work product doctrine.  There is no waiver of the attorney-client privilege or the attorney work-product doctrine should DOCUMENT(s) or thing(s) containing such material be inadvertently produced which the producing party in good faith asserts are covered by the attorney-client privilege or the attorney work- product immunity. Upon prompt notice by a producing party and upon a showing of privilege or protection, together with a showing of inadvertent production, the receiving party shall immediately return the originals and all copies of the privileged or immune DOCUMENT(s) or thing(s).

## IV.   GENERAL PROVISIONS

1)     The Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

2)     Within forty-five (45) days after entry of a final non-appealable order, judgment, or settlement with respect to the claims in this Action and upon the written request of the producing party, each party or other individual subject to the terms hereof shall, absent a court order or agreement to the contrary, either return DOCUMENTS or other material subject to the Order to the producing party or non-party at the producing party or non-party's expense or, alternatively and upon written consent of the producing party shall destroy all such materials and certify in writing that such materials have been destroyed. The certification shall confirm that counsel have destroyed all DOCUMENTS within their possession, as well as DOCUMENTS that have been provided to others in accordance with the Order.

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

1   Notwithstanding the foregoing, counsel (including in-house counsel) for the Parties

2   shall be entitled to retain for their files one set of all pleadings, motion papers, court

3   filings, discovery requests, expert reports, deposition, hearing and trial transcripts

4   (including exhibits) and attorney work-product (including legal research) which

5   incorporate, contain, or refer to any DOCUMENTS or other material that contain or

6   refer to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—

7   ATTORNEY'S EYES ONLY, provided that such materials remain subject to the

8   terms and conditions of the Order.

9           3)      Neither the termination of this Action or any related proceedings nor

10  the termination of employment of any person who has had access to any

11  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—

12  ATTORNEY'S EYES ONLY shall relieve such person of his or her obligations

13  under the Order.

14

15          **IT IS SO ORDERED.**

16

17  Dated:  May 9, 2013

    _____
                Hon. Paul L. Abrams
                United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER; HANDLING OF
CONFIDENTIAL DOCS & INFORMATION
CV 12-9712-JFW (PLAX)

RPP/596241.1